JOHN J. RINALDO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rinaldo v. Commissioner
Docket No. 7036-75
United States Tax Court
T.C. Memo 1977-106; 1977 Tax Ct. Memo LEXIS 337; 36 T.C.M. (CCH) 483; T.C.M. (RIA) 770106; April 11, 1977, Filed John J. Rinaldo, pro se. Arthur H. Boelter, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1973 in the amount of $364. The only issue for our decision is whether petitioner provided more than half the support for his father and mother so as to be entitled to claim them as dependents under section 151. [1]
*338 FINDINGS OF FACT Petitioner was a resident of Glen Cove, New York at the time the petition was filed in this case. He filed his Federal income tax return for 1973 with the district director of internal revenue at Brooklyn, New York. During 1973 petitioner lived with his parents in a twostory duplex house. They lived in the bottom portion of the house which consisted of two bedrooms, a dining room (which was sometimes used as an extra bedroom), living room, kitchen, and bathroom. Petitioner's younger brother and sister, ages 19 and 21, respectively, also lived in the same house at least part of the year in issue, but neither of them contributed to their parents' support. Sometime during 1970, petitioner's father became disabled on his job with Fairchild Hiller, where he had worked for approximately 23 years as a riveter, and has had no earnings since that time. His father did receive some public assistance at irregular intervals for the remainder of 1970 and through the early part of 1972, when this assistance was discontinued. Petitioner's father has received no other assistance since that time. During the taxable year 1973, petitioner earned a gross income of $8226.58 *339 and was the sole contributor to the support of his father. Petitioner paid all the expenses of maintaining the household, including the costs of utilities, the monthly rent of $75, and food for the family. He also paid for the clothing of, and medical care for, his parents. In his return for 1973, petitioner claimed dependency exemptions for his father and mother. In the notice of deficiency, respondent disallowed these exemptions because it had not been established that petitioner provided more than half the total cost of his parents' support. OPINION Section 151 allows a deduction for each dependent and section 152(a) defines the term "dependent" to include certain individuals "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." Section 152(a)(4) includes "the father or mother of the taxpayer" among the individuals who can qualify for "dependent" status. Petitioner testified in his own behalf in the trial of this case. From the record before us, we find his testimony to be credible and forthright with respect to the expenditures he made for the support of his father. and with respect *340 to the total lack of income by his father during the year in issue. Additionally, petitioner's testimony was corroborated by that of his father, whose testimony we also accept as true and consistent with petitioner's. We are thus satisfied that petitioner provided more than half of the total support for his father and is entitled to the dependency exemption for him. As to petitioner's mother, the record is unclear as to whether she received any income during 1973. Petitioner presented no evidence and offered no testimony on this issue. Since he has the burden of proving that he supplied more than half of his mother's support, his failure to show that she did not earn income sufficient to support herself requires us to find for respondent. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure.
Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩